IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IN RE: TYRELLE LAMAR KING

     Debtor.

---

TYRELLE LAMAR KING,

     Appellant,

     v.

ANEIDA HENRIQUEZ,

     Appellee.

HONORABLE KAREN M. WILLIAMS

Civil Action
No. 23-4178 (KMW)

**OPINION & ORDER**

This matter comes before the Court by way of Aneida Henriquez's ("Appellee") Motion to Dismiss for Lack of Jurisdiction (ECF No. 3) concerning the above-captioned bankruptcy appeal initiated by Tyrell Lamar King ("Appellant"). The motion is unopposed. For the reasons set forth below, this matter shall be dismissed.

1.     Appellant filed the Notice of Appeal in this matter on August 3, 2023. (ECF No. 1). Within fourteen days from the filing of the Notice, Appellant was required pursuant to Fed. R. Bankr. P. 8009, to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." *See* Fed. R. Bankr. P. 8009(a)(1)(A), (B)(i). However, Appellant failed to do so.

2.     On August 23, 2023, the Certification from the Deputy Clerk of the U.S. Bankruptcy Court for the District of New Jersey, stating that Appellant had, as of the day of said Certification, failed to comply with Rule 8009. (ECF No. 2).

3.      On August 25, 2023, Appellee filed her Motion to Dismiss for Lack of Jurisdiction (ECF No. 3) for an untimely appeal, arguing that the Court lacked jurisdiction due to Appellant's failure to file within time pursuant to Fed. R. Bankr. P. 8002 and failure to apply for an extension to file pursuant to Fed. R. Bankr. P. 8002(d)(1).

4.      To date, the Appellant has failed to file any of the required materials, nor has the Appellant sought an extension of time to do so, nor has he opposed Appellee's motion.

5.      Appeals from a Bankruptcy Court must be brought in the District Court in the time provided by Rule 8002 of the Bankruptcy Rules. 28 U.S.C. § 158(c)(2). The Third Circuit has held that the Rule shall be "strictly construed, requiring strict compliance with its terms." *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985).

6.      Timeliness of an appeal is a jurisdictional issue for this Court. "failure to file [a] notice of appeal in accordance with the statute therefore deprive[s] ... [courts] of jurisdiction[, and bars a party from] . . . rely[ing] on forfeiture or waiver to excuse [a] lack of compliance with the statute's time limitations." *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011) (internal citation omitted).

7.      If a notice of appeal is not filed within the time provided by Rule 8002, "a late filing is insufficient to vest the district court with jurisdiction of the appeal." *In re Colon*, 941 F.2d 242, 245 (3d Cir. 1991).

8.      Fed. R. Bankr. P. 8002 states in pertinent part:

> (a) In general.
> (1) Fourteen-day period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed. [. . .]

> (d) Extending the time to appeal.

(1) When the time may be extended.  Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
    (A) within the time prescribed by this rule; or
    (B) within 21 days after that time, if the party shows excusable neglect. [. . .]

(3) Time limits on an extension.  No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later.

9.      Here, on July 18, 2023, the Bankruptcy Court filed its Order (ECF No. 103) granting sanctions against Appellant and his attorney.  Appellant appealed this order to the District Court on August 3, 2023.[1]  On its face, the appeal is untimely by two days: Tuesday August 1, 2023, was fourteen days after the Bankruptcy Court entered the order granting the motion for sanctions.  Appellant has never filed for an extension to date, such an extension would have been due on August 22, 2023.

10.     Although Appellant is a *pro se* litigant, and the Court is "inclined to extend all permissible leniency in the application of procedural requirements of litigation with which an unrepresented plaintiff may be troubled by," Appellant has failed to file a request for an extension within the initial appeal period and has not attempted to make a showing of excusable neglect to avail himself of an extension within the 21 days provided in Rule 8002(d)(B), and lack of action by Appellant in this manner deprives this Court of jurisdiction over his appeal.  *In re Steever*, No. 95-1039, 1995 U.S. Dist. LEXIS 14825 at *8 (D.N.J. Sept. 27, 1995) (citing *In re Universal Minerals, Inc.*, 755 F.2d at 312).[2]

---

[1] The Court notes that only the Appellant filed this appeal, not his attorney.

[2] The Court notes that this is not Appellant's first attempt at appeal from his underlying bankruptcy case.  On August 10, 2022, Appellant appealed an order from the Bankruptcy Court and failed to file the required materials pursuant to Rule 8009.  Appellant did not respond to this Court's Order filed on October 17, 2022, providing further instruction and granting additional time to Appellant to file the required materials.  *See* Docket in the matter of *King v. Henriquez*, No. 22-05005, terminated on March 17, 2023.  The Court held in its March 17, 2023 Opinion and

11.     Thus, the Court does not have jurisdiction to hear Appellant's appeal and it must be dismissed.

Therefore,

IT IS this 23rd day of January 2024, hereby

**ORDERED** that the above-captioned matter is DISMISSED; and further

**ORDERED** that the Clerk of the Court shall close this case.

KAREN M. WILLIAMS
United States District Judge

---

Order that the Appellant was responsible for his failure to prosecute the appeal pursuant to the Court's analysis of the *Poulis* factors. *See* (ECF No. 9); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).